IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH GRANT BARNHART,

    Petitioner,

v.                                                      Criminal Action No. 3:11cr63
                                                     Civil Action No. 3:12cv138
                                                     Judge Bailey

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On November 26, 2012, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 41). The Government was directed to answer the same day. On December 14, 2012, the Government filed its response. (Dkt.# 50), and on January 2, 2013, the petitioner filed a reply. (Dkt.# 51).

### II. Procedural History

**A. Conviction and Sentence**

On November 15, 2011, the petitioner was named in a two-count Indictment. Count One charged him with distribution of heroin, as designated by 21 U.S.C. §812(c), Schedule I (b)(10), in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C), and Count Two charged him with possession with intent to distribute heroin, as designated by 21 U.S.C. §§812(c), Schedule I (b)(10), in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). On January 20, 2012, petitioner signed a plea agreement by which he agreed to plead guilty to Count Two. The petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction[1] or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

(Dkt.# 21, ¶10 at 4).

On January 26, 2012, petitioner entered his plea in open court. (Dkt.# 48). Petitioner testified that he could read write and understand the English language. (Id. at 3). He reported that he was 33 years old and had gone to school to the ninth grade. (Id. at 4). He denied having taken any medicine, drugs or alcohol within the preceding 24 hours. (Id. at 3). He denied that he was taking any medication or treatment, or having any impairment that would have an effect on his ability to comprehend or participate in the hearing. (Id. at 4 - 5). The Assistant U.S. Attorney read aloud or summarized the entire plea agreement, including paragraph 10, *supra*, in open court. (Id. at 6 – 12). Petitioner did not object to any part of the plea agreement. (Id. at 12). Petitioner testified that he had reviewed the plea agreement in detail with his attorney before signing it. (Id. at 13). Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 13 - 14). The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights and petitioner said that he did. (Id. at 13). The Court the asked defense counsel if he believed that petitioner fully understood the importance of the waiver of his appellate rights and counsel said that he believed

---

[1] Paragraph 2 of the Plea Agreement specified that the maximum penalty petitioner would be exposed to by virtue of his plea was not more than twenty years' incarceration. (Dkt.# 21 at 1).

petitioner understood.  (Id.).  The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 15 - 20).  During the plea hearing, the Government presented the testimony of Patrolman Derrick L. English of the City of Martinsburg Police Department, assigned to the Eastern Panhandle Drug and Violent Crimes Task Force, to establish a factual basis for the plea. (Id. at 21 - 24).  Afterwards, defense counsel did not cross examine the witness when given the opportunity.  (Id. at 24).  Petitioner did not object to the witness' characterization of the events.  (Id.).

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 2 of the indictment. (Id. at 25).  The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id.). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.).  The petitioner testified that his attorney had adequately represented him, that there was nothing his attorney did not do that he thought should have been done, and there was nothing his attorney had done that he thought was done improperly. (Id. at 25 - 26).  Finally, petitioner said that he was in fact guilty of the crime to which he was pleading guilty.  (Id. at 26).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt.  (Id. at 27 - 28).  The petitioner did not object to the Court's finding.

On May 10, 2012, the petitioner appeared before the Court for sentencing.  After considering several factors, including the circumstances of the crime; the defendant himself; his family history; past criminal history; and the sentencing objectives of punishment, the Court

3

sentenced the petitioner to a term of 120 months imprisonment, 3 years supervised release, and a $100.00 special assessment. (Dkt.# 49).

## B. Direct Appeal

Petitioner did not file a direct appeal.

## C. Federal Habeas Corpus

**Petitioners' Contentions (Dkt.# 41)**

Petitioner raises three claims:

1) that pursuant to the Fourth Circuit Court of Appeals' decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he no longer has the qualifying predicate convictions to sustain his Career Offender sentence, because he never received a sentence greater than twelve months for any of his prior convictions. Petitioner also relies on Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010) in support of his argument.

2) Counsel did not challenge the use of his prior convictions as predicate offenses for the application of U.S.S.G. §4B1.1.

3) Counsel failed to file an appeal on his behalf.

Petitioner claims that he is "factually" and "legally" innocent of the 120-month sentence he received under the Career Offender guidelines.

As relief, petitioner seeks to have his "illegal" and "unconstitutional" sentence vacated and recalculated; or alternatively, that his sentence be vacated, and he be granted an evidentiary hearing to determine the validity of his prior convictions.

**Government's Response (Dkt.# 50)**

1) Petitioner validly waived the right to file a §2255 in his plea agreement; his Simmons argument is covered by that waiver.

2) Petitioner's factual representation regarding Career Offender predicate convictions in West Virginia is incorrect. Further, his Simmons argument does not apply because he has no West Virginia §4B1.1 predicate offenses listed in his Presentence Investigation Report ("PSR").

3) Petitioner was advised of his right to appeal by the Court at his sentencing hearing, and afterwards, by the Assistant Federal Public Defender ("AFPD"). Despite that, he never

requested that the AFPD file an appeal on his behalf, and he does not now claim that he did. Without such a request, the AFPD has no obligation to file a notice of appeal.

      4) Petitioner's memorandum incorrectly interprets the relevant legal authority.

      5) Petitioner's motion lacks merit and should be dismissed.

**Petitioner's Reply (Dkt.# 51)**

      Petitioner reiterates his arguments and attempts to refute the Government's on the same.

### III. Analysis

**A. Burden of Proof**

      "A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. U.S.A., 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

**B. Waiver**

      "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

      In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the

5

defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

The unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the statutory

maximum, the record established that defendant made a knowing and voluntary waiver of rights. Similarly here, the district court conducted a Rule 11 colloquy and the petitioner acknowledged that he waived his right to appeal any sentence that was within the maximum provided by the statute of conviction, a maximum penalty of not more than twenty years. (Dkt.# 48 at 6 and 13). Petitioner validly waived his right to collaterally attack the sentence if his sentence was within the twenty-year maximum provided by the statute of conviction. (Id.). His sentence was 120 months imprisonment, or ten years, thirty-one months below the lowest end of the recommended guidelines. (Dkt.# 49 at 5 and 16). The only reasonable conclusion is petitioner waived the right to collaterally attack the guilty plea and sentence. Therefore, petitioner has waived his right to bring this claim, and relief should be denied.

### IV. Recommendation

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion (Dkt.# 41) and **DISMISSING** this case **with prejudice** from the docket.

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by March 4, 2013,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

The Clerk is further directed to terminate the referral of this action to the undersigned.

DATED: February 19, 2013.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE